## AMTORG TRADING CORPORATION v. JOHNSON & HIGGINS et al.

District Court, S. D. New York.
Dec. 29, 1942.

Hill, Rivkins & Middleton, of New York City, for plaintiff.

848

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendant Johnson & Higgins.

Christy George Peters, of New York City, for interpleaded defendant Possidon Steamship & Trading Co. Limited.

HULBERT, District Judge.

Motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This action was commenced on August 7, 1942, against Johnson & Higgins, which filed its answer on October 23, 1942, and, by petition, vouched in the interpleaded defendant with which the plaintiff had entered into a charter party as the owner of the merchant vessel Gerassimos Vergottis. The vessel loaded a full cargo of cotton at Galveston. Soon after leaving that port she commenced to leak badly due to the alleged wasted condition of one of her hull plates, and put into Los Angeles, discharged part of her cargo, and, after repairs to the vessel had been made, continued on her way to, and discharged her cargo at, Vladivostock, Russia.

The defendant Johnson & Higgins was appointed general average adjuster by the owner of the vessel and entered into an agreement with the plaintiff, the provisions of which, pertinent to this motion, are as follows: "* * * covenant and agree to and with the owners of said vessel for themselves and for all interests concerned in the venture aforesaid, and one with the other, that so much of the losses and expenses aforesaid as upon an adjustment of the same to be stated by Johnson & Higgins, Average Adjusters, according to the provisions of the contract of affreightment and to the laws and usages applicable, may be shown by the statement to be a charge upon said cargo, or to be due from us, shall be paid by us respectively, according to our ratable proportion thereof, to the owners of said vessel, or Johnson & Higgins, in and for settlement in accordance with said statement."

Accompanying this agreement was a letter from the Amtorg Trading Corporation, in which it was stated: "We are also attaching hereto our check for $19,-900—which amount is to be held by you in escrow as security in connection with the General Average of the above vessel until final adjustment is made by you and the Statement of General Average Adjustment is approved by us."

The answer of Johnson & Higgins admits that the $19,900 was to be held in escrow until the general average adjustment made by Johnson & Higgins was approved by the plaintiff.

In a copy of a communication before me dated March 7, 1942, written to Johnson & Higgins by the plaintiff in response to a request for an additional payment of $2,766.68, representing balance allegedly due on cargo's proportion of the General Average, it is stated: "We beg to advise you that we deny liability for the entire cargo's proportion of the General Average on the ground that the vessel was unseaworthy."

This, it seems to me, is the crux of the case.

It is, therefore, apparent that a triable issue of fact exists and the motion for summary judgment is denied.

Settle order on notice.